## In re DENTON.

*(Supreme Court, General Term, Second Department. December 10, 1890.)*

WILLS—CONSTRUCTION—DEATH WITHOUT ISSUE.

A will, after providing a fund the income of which was to be paid to the wife and a daughter of testator during their lives, gave it equally by a residuary clause to four other children of the testator, "and in case of the death of either of them leaving issue before" distribution can be made, "then such issue to take the share or part the parent would have been entitled to if living; if without issue then the survivors to take." One of the four had children, but they and he all died during the life-estate, his children dying before him. *Held*, that his share of the fund passed to the survivors. DYKMAN, J., dissenting.

Appeal from surrogate's court, Queens county.

Petition by William L. Denton, surviving executor of Amos Denton, deceased, for a judicial settlement of his accounts as such executor. From the decree of the surrogate thereon, the surviving residuary devisees appeal.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Henry A. Monfort*, for appellants. *John Fleming*, for Elizabeth Denton, respondent.

BARNARD, P. J. The testator by the ninth clause of his will provided as follows: "*Ninth.* All the rest, residue, and remainder of my estate I give and bequeath to my said four children, namely, Elias B., William L., Elizabeth Hendrickson, and Amos, equally between them; and, in case of the death of either of them leaving issue before either of the different parts thereof as hereinbefore mentioned can be divided, then such issue to take the share or part the parent would have been entitled to if living; if without issue, then the survivors to take." The testator provided a fund the income of which was to be paid to his wife and daughter Hannah during their lives. This fund is disposed of by the above ninth clause. Elias B. Denton, one of the distributees, had children, but both Elias B. Denton and his children died while the life-estate was outstanding. By the ninth clause the survivors take. The language is plain; the distribution is after the life-estates have passed, and the death of Elias happened before the remainder could be divided under the will, and he left no issue to represent him at the distribution. The share therefore went to the survivors. The decree should be modified so as to so direct the distribution of the fund. Costs to all parties out of the estate. The allowance to be vacated, as the appellants have no claim to the fund.

PRATT, J., concurs.

DYKMAN, J., (*dissenting.*) Our conclusion is that the surrogate made the proper disposition of the questions presented by this appeal. The governing

·clause of the will is this: "*Ninth.* All the rest, residue, and remainder of my estate I give and bequeath to my said four children, namely, Elias B., William L., Elizabeth Hendrickson, and Amos, equally between them; and, in case of the death of either of them leaving issue before either of the different parts thereof as hereinbefore mentioned can be divided, then such issue to take the share or part the parent would have been entitled to if living; if without issue, then the survivors to take." Elias B. survived the testator, and also lived until after a partial division of the parts of the estate, and he had children, but they all died before him, and thus fulfilled all the conditions necessary to an escape from the divestiture of his interest in the residue ·of his father's estate. The first part of the ninth clause ,gave an absolute estate to the persons named, subject to be divested by the happening of the ·events specified in the latter portion. The last words, "if without issue then the survivors take," mean if without issue at any time. The decree of the surrogate should be affirmed, except as to the allowances, which exceed the ⠂statutory limit, and the case should be remitted to the surrogate to readjust the allowances, according to the statute. No costs on this appeal.